

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Board of Directors
Texas College of Arts & Industries
Kingsville, Texas

Attention: Robert O. Eckhardt

Gentlemen:

Opinion No. 0-3584
Re: Tenure of members of
Board of Directors of
Texas College of Arts
& Industries

   This is in reply to your letter of July 9, 1941, requesting the opinion of this department regarding the tenure of the three most recent appointees to your Board. Your request reads as follows:

>   "I note in the State press where the Governor appointed three new members to our Board of Directors, and stated their terms would expire on June 25th, 1947.

>   "Will you please give us a ruling as to when these new members take office? The Board was under the impression it was the 31st day of August, but the paper states it is June the 25th.

>   "Will you please look up the act changing the name of this school in 1929 and the creation of the Board of Directors and advise me when the new members should take office."

   In 1929 the 41st Legislature changed the name and organization of the South Texas State Teachers College. Acts 1929, 41st Legislature, Regular Session, p. 627, chapter 286. The school was renamed, The Texas College of Arts and Industries.

Section 2 of the Act provides as follows:

"Organization, Control and Management. The organization, control and management of such College shall be vested in a Board of nine Directors who shall be appointed by the Governor of Texas and confirmed by the Senate. <u>The term of office of each director shall be six years; provided that in making the first appointment the Governor shall appoint three members for two years, three members for four years and three members for six years. Any vacancy that occurs on the Board shall be filled for the unexpired term by the Governor.</u> The members of said Board shall be removable by the Governor for inefficiency or in-attention to the duties of his office. Each member of the Board shall take the constitutional oath of office. The said Board of directors shall meet for the first time after the passing of this act at the time and place designated by the Governor, as soon after their appointments as possible. They shall organize by electing a President of said board of directors, and such other officers as they may desire. They shall select a President for the College as soon as possible after the organization of the said Board of Directors. They shall fix his term of office, name his salary and define his duties. The President of the College shall be the executive officer for the board of directors and shall work under their directions. He shall recommend the plan organization, and the appointment of employees of said College and shall have the cooperation of said board of directors and shall be responsible to said board for the general management and success of said college." (Underscoring ours)

Section 5 reads, in part:

"Changing the Management of the South
Texas State Teachers College.  At the begin-
ning of the school year, September first af-
ter the passage of this bill, the control and
management of the South Texas State Teachers
College shall be divested out of the Board of
Regents of the Texas State Teachers College
and invested in the Board of Directors of the
Texas College of Arts and Industries as pro-
vided in this Act, who shall administer the
affairs of the college according to the laws
of Texas and the provisions of the Act. . . ."
(Underscoring ours)

The Act, effective ninety days after adjournment,
became law on June 12, 1929.

On July 7, 1941, Governor O'Daniel appointed three
new members to the Board.  Your question is, When do these
new members take office? and when do their terms expire?

As we said in Opinion No. 0-2805:

"It has long been the advice of this of-
fice that where the Legislature fixes the
length of a term of office, but does not pre-
scribe the date for the beginning or the end-
ing of the term, the beginning of the term
dates from the date of the first appointment.
Report and Opinions of the Attorney General,
1914-16, Page 736; Report and Opinions of the
Attorney General, 1924-26, Page 344; Report
and Opinions of the Attorney General, 1930-
32, Pages 364 and 370; Report and Opinions of
the Attorney General, 1932-34, Pages 324, 368,
506; Royston v. Griffin, 42 Tex. 566; 22
R.C.L. 550."

And in 46 Corpus Juris at page 966, it is provided:

"The general rule is that, where no time
is fixed by the Constitution or statutes, the
term begins, in the case of elective officers,
on the day of election, and, in the case of

appointive officers, on the date of appoint-
ment. But it is only where the Constitution
or statute fails to prescribe when the term
of office shall begin that it begins on elec-
tion or appointment."

The records of the Secretary of State reveal the
first nine members were appointed by the Governor for the
following terms on May 3, 1929 (See letter dated May 3, 1929,
from Governor Dan Moody to Honorable Jane Y. McCallum, Secre-
tary of State):

| Name | Term | Appointed |
|---|---|---|
| Kleberg, R.M. | 6 years | May 3, 1929 |
| Wortham, Gus S. | 4 years | May 3, 1929 |
| Stoner, Mrs. W. R. L. | 6 years | May 3, 1929 |
| Fore, Sam | 4 years | May 3, 1929 |
| Boone, Mrs. Gordon | 4 years | May 3, 1929 |
| Gill, Lamar | 6 years | May 3, 1929 |
| Killam, O. W. | 2 years | May 3, 1929 |
| Spoonts, Mrs. L. J. | 2 years | May 3, 1929 |
| Lasater, Ed. C. | 2 years | May 3, 1929 |

It will be noted that all of the original nine mem-
bers of the Board were appointed on May 3, 1929, or prior to
the effective date of the Act - June 12, 1929. Consequently,
we may not apply the general rule that when the time of be-
ginning or ending is not stated a term runs from the date of
the first appointment.

If the Legislature in enacting Senate Bill No. 293
manifested its intent it is our duty to follow that inten-
tion. The general rule that terms will run at consecutive
intervals from the date of the first appointment is applicable
only when the Legislature has not specified otherwise.

As stated in Brown v. Matlock, 86 Ark. 555, 111
S. W. 990:

"The term begins, not necessarily on the
date of appointment, but from the time fixed
by the lawmakers for it to begin."

The case held that under the circumstances the terms of the trustees of Arkansas State Charitable Institutions began on the effective date of an Act creating a new board of trustees.

In our case there are three possibilities: The terms of Directors of the Texas College of Arts & Industries may run from:

(1) May 3 - the date of the first appointment;

(2) June 12 - the effective date of the act of 1929; or

(3) September 1.

Section 5, previously quoted, provides that the control and management of the old South Texas State Teachers College shall pass from the Board of Regents of the Texas State Teachers College to the new Board at the beginning of the school year, September 1 after the passage of the bill.

After careful consideration it is our opinion, and you are so advised, that the intent of the Legislature manifested in Section 5 of the Act creating the Texas College of Arts & Industries is that the terms of the original nine members began on September 1, 1929, and ended, according to the length of their appointments in subsequent years on the 31st day of August.

The terms of all who have and will succeed them likewise will begin on September 1 of the year and end - 6 years later - on August 31st. It is illogical to assume that the terms of the Directors should begin at a time prior to the date on which they may legally assume the duties of their office.

It is therefore our opinion and you are respectfully advised that the terms of the new members appointed by the Governor to the Board of Directors of the Texas College

Board of Directors, page 6

of Arts & Industries will begin on September 1st and that as to all directorships terminating this year, August 31st will be the expiration date of their term of office.

APPROVED JUL 29, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

JDS:db

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Jas. D. Smullen
Assistant

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE